(No. 42472.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EMIL BRATU, Appellant.

*Opinion filed September 22, 1970.*

WARD, J., took no part.

GEORGE B. COLLINS and JEFFREY SCHULMAN, both of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and ANTHONY M. MONTEMURRO, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Culbertson delivered the opinion of the court:

Defendant, Emil Bratu, prosecutes this appeal from a judgment of the circuit court of Cook County which, after an evidentiary hearing, denied his petition for post-conviction relief. He contends the evidence shows that certain pleas of guilty were coerced by his appointed counsel, and that a further denial of due process occurred when the court accepting the guilty pleas failed to inquire into their voluntary nature.

Early in 1965 defendant was under indictment for three separate but somewhat related violations of the Uniform Narcotic Drug Act, (Ill. Rev. Stat. 1963, ch. 38, art. 22,) emanating from transactions with an undercover State narcotics investigator. In the order of the occurrence of the violations, one indictment charged him with the sale of heroin, while a second charged him with dispensing opium and heroin. (Par. 22—3.) Under the Act such offenses were punishable by imprisonment for 10 years to life for a first offense and by life imprisonment for a subsequent offense. (Par. 22—40.) By the third indictment he was charged, jointly with William Trigg, with the crime of having sold a nonnarcotic substance under the representation that it was a narcotic drug, the penalty for which was fixed at imprisonment for a term of not less than 1 year nor more than 10 years. (Par. 22—40; and see *People* v. *Trigg,* 97 Ill. App. 2d 261.) After retained counsel and the public defender had, in succession, been permitted to withdraw, a bar association attorney was appointed to represent defendant and pleas of not guilty were entered to each of the indictments.

Defendant was tried first on the charge of having sold a nonnarcotic substance, was found guilty by a jury and was sentenced to the penitentiary for a term of not less than 7 nor more than 10 years. Thereafter, on June 13, 1966, he was permitted to enter substitute pleas of guilty to the two

remaining indictments, and was given identical sentences of imprisonment for terms of not less than 10 years nor more than 10 years and a day, the sentences to run concurrently with the one imposed under the indictment tried before a jury.

Testifying at the post-conviction hearing as to the circumstances surrounding the guilty pleas, the appointed counsel stated that the evidence introduced at the trial (see 97 Ill. App. 2d 261) had convinced him that trials under the other two indictments could only result in verdicts of guilty. This, together with the prospect that a life sentence could follow, caused him to conclude that the best strategy to pursue would be to bargain for lesser sentences in return for pleas of guilty. According to his further testimony both the defendant and the prosecutor were opposed to such a course when it was first proposed.

Defendant testified that he was innocent of all three crimes; that a "bad" jury had been responsible for the first conviction; and that he had wanted to go to trial on the two remaining indictments and had therefore opposed the suggestion of plea-bargaining. Continuing, he stated that he had rejected specific offers of concurrent terms of 10 to 25 years and 10 to 15 years conveyed to him by his counsel, but that he finally agreed when an offer was made for concurrent terms of 10 years to 10 years and a day. According to defendant he accepted the offer because his counsel told him he would get a life sentence if he did not, and because he, defendant, "got scared" about counsel's intentions and the extent to which counsel intended to represent him. Counsel, while agreeing that he had urged defendant to accept the offer and to plead guilty, denied that he had used the matter of punishment as a threat or lever for coercion. Rather, it was the tenor of his testimony that he had pointed out to defendant that the evidence introduced at the first trial presaged convictions if further trials were held, that he explained and pointed out that life imprisonment

was possible under the law and the evidence, and that he advised, and so believed, that the interests of defendant would best be served by pleading guilty in return for lesser sentences.

Factual determinations by a judge who hears evidence in post-conviction proceedings will not be disturbed on review unless manifestly erroneous, (*People* v. *Wease,* 44 Ill.2d 453,) and we do not find that error occurred in this case. Apart from the fact that the issue of whether counsel used the matter of punishment as a threat was one going to the credibility of the witnesses, we cannot say that the conduct or advice of counsel was coercive. Indeed, we believe counsel would have been remiss in his duties if he had not counselled defendant on the probable outcome of trials and the possibility that a life sentence could be imposed, and we deem it significant that no contention is made that counsel acted incompetently. Despite defendant's protestations of innocence and a "bad jury," the evidence at the prior trial disclosed that he had sold and dispensed narcotics to a State investigator under circumstances leaving little, if any, room for reasonable doubt of his guilt. Noteworthy, too, is the fact that defendant's apparent change of position in respect to plea-bargaining came after counsel was able to obtain the absolute minimum sentences under the law. Under the circumstances, the trial court did not err in holding that the pleas of guilty were not coerced.

The transcript of the proceedings when the guilty pleas were entered and accepted discloses that the court fully admonished defendant as to the consequences of his pleas, and of his right to jury trials, but that no inquiry was made as to whether the pleas had been induced by threats, promises, representations or the like. Defendant thus asserts that no inquiry was made into the voluntary nature of his pleas and, relying on *Boykin* v. *Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, contends that reversible error and a denial of due process occurred which require his

convictions to be reversed. But even if it be assumed such a theory is sustained by *Boykin,* a reversal of his convictions would not follow. His guilty pleas preceded *Boykin* and we have already construed that decision as having only prospective application. (*People* v. *Williams,* 44 Ill.2d 334.) More importantly, however, the present post-conviction proceeding has been a judicial inquiry into the voluntary character of his pleas and his contention was found to be without merit.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.