(No. 41761.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LARRY CHARBERT HAYES, Appellant.

*Opinion filed September 30, 1971.*

PAUL F. GERBOSI, of Chicago, appointed by the court for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (HAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ZENON FOROWYCZ, (GRADUATE LAW STUDENT), Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In 1963 the defendant, Larry Charbert Hayes, pleaded guilty to two charges of armed robbery and one charge of burglary in the circuit court of Cook County and was sentenced to the penitentiary for concurrent terms of five to ten years on each charge. In 1964 he filed a *pro se* petition under the Illinois Post-Conviction Hearing Act (Ill.Rev.Stat. 1963, ch. 38, par. 122–1 *et seq.*) alleging denial of constitutional rights. The State's motion to dismiss the petition was sustained and the defendant appealed to this court. We reversed the order of dismissal and remanded the cause to the circuit court for further proceedings to show "what ruling, if any, was made on the defendant's motion for appointment of counsel." *People v. Hayes, 38 Ill. 2d 329, 331.*

In 1968, on remand, defendant's amended petition filed by retained counsel charged that the trial judge did not inform him before his plea of guilty that he was waiving his right to trial by jury; that the defendant's guilty plea was not knowingly or voluntarily given; that no effort was made by defense counsel to suppress any statements or line-up identification; and that defendant was not given a sufficient hearing in aggravation and mitigation. After hearing evidence and considering the trial record the circuit court denied post-conviction relief and this appeal followed.

Defendant bases this appeal upon three issues. First, he maintains that he did not knowingly or voluntarily enter a plea of guilty at trial; second, he asserts that the trial judge erred in failing to recuse himself at petitioner's post-conviction hearing; and finally, defendant contends that his privately retained counsel did not adequately prepare his amended petition or properly present his constitutional claims at the hearing.

At his trial on January 31, 1963, defendant, appeared, represented by retained counsel, and the following colloquy ensued:

"THE COURT: *** Addressing myself now to Larry C. Hayes. You heard what your attorney told me here in open court this morning:

DEFENDANT HAYES: Yes, sir.

THE COURT: Are you in harmony and do you agree with the statements made by your attorney?

DEFENDANT HAYES: Yes sir.

THE COURT: Are you satisfied with the representation that you have received by your attorney in this court?

DEFENDANT HAYES: Yes, sir.

THE COURT: I wish to advise you with respect to all three charges that you are entitled

to have a jury trial, the law provides you may have one. I want you to recognize, if you plead guilty and the Court accepts your plea, as indicated by your lawyer here that you do that, that you will waive your right to a jury trial in each of these indictments. Are you aware of that:

DEFENDANT HAYES: Yes, sir.

THE COURT: It is also my duty to inform you that with respect to each of the three indictments, two of robbery and the burglary indictment, that if you do plead guilty and the Court accepts your plea of guilty, you can be punished by any imprisonment to any period of time not less than one year and up to any indeterminate term above that. Do you understand that?

DEFENDANT HAYES: Yes, sir.

THE COURT: Knowing that, do you still wish to voluntarily plead guilty to each of the three indictments?

DEFENDANT HAYES: Yes, sir."

Defendant now maintains that the trial judge did not sufficiently inquire into whether the petitioner knowingly, voluntarily or understandingly pleaded guilty because the trial judge failed to question him with regard to any plea agreement or possible police threats. To support this position he relies upon *Boykin v. Alabama, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709,* and Illinois Supreme Court Rule 402 (effective September 1, 1970), 43 Ill.2d R. 402. However, this court has held that *Boykin* was to have only prospective application. *(People v. Williams, 44 Ill.2d 334.)* Moreover, similar contentions were rejected in *People v. Bratu, 46 Ill.2d 143,* in which the court stated "the present post-conviction proceeding has been a judicial inquiry into the voluntary character of his pleas and his contention was found to be without merit." (46 Ill.2d at

147.) From a careful reading of the record before us we find that defendant's guilty plea was voluntarily made.

Defendant further contends that since the post-conviction hearing judge, who also presided at defendant's trial might have been called as a material witness concerning the voluntariness of defendant's guilty plea, the judge should have recused himself from the post-conviction hearing. This court has stated: "While ordinarily the right to a change of venue in a post-conviction proceeding is not absolute, we think that in certain circumstances a trial judge should recuse himself when it appears that he may be biased or may be a potential witness." *(People v. Wilson, 37 Ill.2d 617, 621.)* However, unlike *Wilson,* defendant did not allege that he was induced to plead guilty by any action on the part of the trial judge. Nor did defendant make a request for a change of venue. Under these circumstances we cannot say that the judge abused his discretion in failing to disqualify himself.

Defendant finally argues that his retained counsel inadequately represented him at the post-conviction hearing. To support this argument defendant contends that his counsel had no consultations with defendant prior to the post-conviction hearing; counsel conducted only a cursory examination, at most, of the record in defendant's case; counsel failed to shape defendant's claims into proper legal form in that the amended petition was mislabeled, unnumbered and contained several typographical errors and grounds for relief which were directly contradicted by the record; and counsel failed to call any witnesses who could corroborate defendant's testimony. We cannot agree.

The record does not explicitly indicate that defendant's attorney communicated with him prior to the post-conviction hearing as required by Supreme Court Rule 651(c) (43 Ill.2d R. 651(c).) However, this court has held that when a defendant's post-conviction petition was dismissed before January 1, 1970, such an affirmative

showing in the record is not necessary. *(People v. Wales, 46 Ill.2d 79.)* Thus we look to the entire record to ascertain whether there was previous communication between defendant and his counsel. On July 1, 1968, defendant's counsel filed his appearance indicating that he was representing the defendant at the post-conviction hearing. Shortly thereafter, an amended petition was filed which was signed by the defendant. Such circumstances logically indicate that there was communication between the defendant and his retained counsel. *People v. Hysell, 48 Ill.2d 522.*

In addition, we find defendant's contention that his counsel made no examination of the record, or at most a cursory one, without merit. Counsel requested that the trial record be incorporated in the proceedings on the amended petition. This court has recently stated: "That counsel had examined the trial record is reasonably indicated by the attorney's request that the record at trial be incorporated in the amended petition." *(People v. Stovall, 47 Ill.2d 42, 46.)* Furthermore, the record indicates that defense counsel at the post-conviction hearing conducted a lengthy direct and redirect examination of the defendant, as well as a cross-examination of the prosecution's only witness. In light of the aforementioned efforts by defense counsel it cannot be said that the several errors contained in the amended petition amounted to such substantial prejudice that it would require us to find that defendant received inadequate representation at his post-conviction hearing.

Finally, defendant's contention that his counsel inadequately represented him by failing to call witnesses to corroborate his testimony cannot be sustained in the absence of a specific statement that certain witnesses were available. This court has stated that "certainly we cannot charge counsel with incompetency for failure to introduce evidence not shown to be existing and available." *People v.*

304

*Ashley, 34 Ill.2d 402, 412;* accord: *People v. Stovall, 47 Ill.2d 42.*

For the aforementioned reasons, the decision of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.