Docket No. 86853–Agenda 18–September 1999.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. BILLY RICHMOND, Appellant.

Opinion filed November 18, 1999.

JUSTICE MILLER delivered the opinion of the court:

The defendant, Billy Richmond, filed a 
pro se 
petition for post-conviction relief in the circuit court of Cook County. The defendant later retained counsel, who stood on the defendant’s petition without amending it. The circuit court dismissed the post-conviction petition without an evidentiary hearing. In an unpublished order the appellate court affirmed the dismissal, rejecting the defendant’s argument that retained counsel in this case was required to comply with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). No. 1–96–4346 (unpublished order under Supreme Court Rule 23). We allowed the defendant’s petition for leave to appeal (177 Ill. 2d R. 315(a)), and we now reverse the judgments of the appellate and circuit courts.

The procedural history of this case may be stated briefly. Following a jury trial in the circuit court of Cook County, the defendant was convicted of attempted first degree murder and aggravated battery with a firearm, and he was sentenced to a term of 15 years’ imprisonment. The appellate court affirmed the defendant’s convictions and sentence. No. 1–94–2647 (1995) (unpublished order under Supreme Court Rule 23). While the appeal from the conviction was pending, the defendant filed a 
pro se 
petition in the circuit court of Cook County for relief under the Post-Conviction Hearing Act. 725 ILCS 5/122–1 through 122–7 (West 1994). The circuit court summarily dismissed the petition without appointing counsel to represent the defendant. On appeal, the appellate court reversed the dismissal, concluding that the circuit court had entered the order more than 90 days after the petition was filed, in violation of the Act’s requirement that a summary dismissal be entered within 90 days. 725 ILCS 5/122–2.1(a) (West 1994). The appellate court therefore remanded the cause for further proceedings. No. 1–96–0027 (1996) (unpublished order under Supreme Court Rule 23).

On remand, the circuit court found that the defendant was indigent and appointed counsel to represent him in the post-conviction proceeding. The defendant later retained private counsel. At a hearing on the defendant’s post-conviction petition, retained counsel elected to stand on the defendant’s 
pro se 
petition without offering any amendments to it. Counsel chose instead to focus on a matter not within the purview of post-conviction relief, arguing that the defendant’s 15-year sentence was excessive. The circuit judge dismissed the petition.

The defendant again appealed the dismissal of the post-conviction petition. On appeal, the defendant contended that retained counsel had failed to comply with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) regarding representation in post-conviction matters, because there was no certificate or showing that the lawyer consulted with him, examined the trial record, and made any necessary amendments to the 
pro se 
petition, as required by the rule. The appellate court rejected the defendant’s argument, concluding that Rule 651(c) applies only to appointed counsel. The appellate court therefore affirmed the dismissal of the defendant’s post-conviction petition. No. 1–96–4346 (unpublished order under Supreme Court Rule 23). We allowed the defendant’s petition for leave to appeal. 177 Ill. 2d R. 315(a).

Rule 651(c) provides:

“Upon the timely filing of a notice of appeal in a post-conviction proceeding, if the trial court determines that the petitioner is indigent, it shall order that a transcript of the record of the post-conviction proceedings, including a transcript of the evidence, if any, be prepared and filed with the clerk of the court to which the appeal is taken and shall appoint counsel on appeal, both without cost to the petitioner. The record filed in that court shall contain a showing, which may be made by the certificate of petitioner’s attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed 
pro se 
that are necessary for an adequate presentation of petitioner’s contentions.” 134 Ill. 2d R. 651(c).

Counsel may file a certificate to show that the requirements of the rule were complied with, or the record as a whole may demonstrate that the lawyer complied with those provisions. 
People v. Szabo
, 186 Ill. 2d 19, 24 (1998).

At issue in this appeal are the requirements found in the second sentence of Rule 651(c). The defendant contends that Rule 651(c) is applicable here and that the provision was violated in this case because the record fails to contain the requisite showing that his retained lawyer consulted with him about the 
pro se 
petition, examined the trial record, and made any necessary amendments to the petition. The State, in response, maintains that Rule 651(c) does not apply to retained counsel. Assuming that the rule is applicable in these circumstances, the State contends that the record does contain the requisite showing.

The same principles that govern the interpretation of statutes govern the interpretation of rules of this court. 
In re Estate of Rennick
, 181 Ill. 2d 395, 404 (1998). “Our goal is to ascertain and give effect to the intention of the drafters of the rule.” 
Rennick
, 181 Ill. 2d at 404. A court will apply clear and unambiguous language of a rule as it is written, without resorting to any further tools of construction. 
Rennick
, 181 Ill. 2d at 405.

We believe that a plain reading of the Rule 651(c) demonstrates that it is applicable here. Notably, the text of the rule does not distinguish between appointed and retained counsel, or purport to limit its scope to defendants filing 
pro se 
post-conviction petitions who are later represented by appointed counsel. Rather, the rule speaks broadly of the duties imposed on “petitioner’s attorney,” without suggesting that the duties of appointed counsel are in any sense different from those of retained counsel. Accordingly, we conclude that Rule 651(c) is applicable in these circumstances, when a defendant who files a 
pro se 
post-conviction petition is later represented by retained counsel in the post-conviction proceedings. Indeed, we can discern no apparent reason not to impose on retained counsel in this case the same requirements that we impose on appointed counsel representing a defendant who originally files a 
pro se 
post-conviction petition.

Moreover, we believe that application of the rule in these circumstances would be consistent with the purposes that underlie the rule, as well as with our case law applying it. In 
People v. Slaughter
, 39 Ill. 2d 278 (1968), this court discussed counsel’s responsibilities under the Post-Conviction Hearing Act. The court stated:

“To the end that the complaints of a prisoner with respect to the validity of his conviction might be adequately presented, the statute contemplated that the attorney appointed to represent an indigent petitioner would consult with him either by mail or in person, ascertain his alleged grievances, examine the record of the proceedings at the trial and then amend the petition that had been filed 
pro se
, so that it would adequately present the prisoner’s constitutional contentions. The statute can not perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court.” 
Slaughter
, 39 Ill. 2d at 285.

Although 
Slaughter 
refers to “appointed counsel” in describing the duties of a lawyer representing a defendant who filed a 
pro se 
post-conviction petition–counsel in that case was appointed rather than retained–we believe that the same concerns mentioned by the court are relevant here, when a defendant who files a 
pro se 
post-conviction petition is later represented by retained counsel. No less than appointed counsel, retained counsel should have the same duties in these circumstances to consult with the defendant, to examine the record of the trial proceedings, and to make any necessary amendments to the original, 
pro se
, petition.

This court addressed a similar set of circumstances in 
People v. Hayes
, 49 Ill. 2d 298 (1971). In that case, a defendant filed a 
pro se 
post-conviction petition, which the circuit court dismissed. On remand, following an appeal to this court, retained counsel filed an amended petition, which was also dismissed. The defendant again appealed, arguing, among other things, that retained counsel did not adequately represent him at the post-conviction hearing because he did not consult with him before the hearing, conducted only a cursory examination of the record in the underlying case, and failed to shape the defendant’s post-conviction claims into proper legal form. 
Hayes
, 49 Ill. 2d at 302. This court stated, “The record does not explicitly indicate that defendant’s attorney communicated with him prior to the post-conviction hearing as required by Supreme Court Rule 651(c) [citation].” 
Hayes
, 49 Ill. 2d at 302. The court ultimately rejected the defendant’s contentions of error, however, concluding from an examination of the record as a whole that counsel had performed adequately. Although 
Hayes 
ruled against the defendant, its reference to the requirements of Rule 651(c), which had not yet taken effect, suggests that the court believed that the rule would be equally applicable to appointed and retained counsel representing defendants who had filed 
pro se 
post-conviction petitions.

We note that in two cases apart from this one the appellate court has suggested that Rule 651(c) does not apply to retained counsel. See 
People v. Zambrano
, 266 Ill. App. 3d 856, 867 (1994), 
vacated in part on other grounds
, 159 Ill. 2d 579 (1995); 
People v. Doggett
, 255 Ill. App. 3d 180, 187 (1993). In neither case, however, was the initial post-conviction petition filed 
pro se; 
rather, in both cases the initial petition was prepared and filed by counsel. By its own terms, then, the requirements of Rule 651(c) would not have been applicable in those settings.

As a final matter, we consider whether the record as whole discloses compliance with the requirements of Rule 651(c). In the appellate court the State conceded that the record failed to show that retained counsel complied with the rule; before this court, however, the State now argues that the record does disclose sufficient compliance. Specifically, the State notes statements by retained counsel at the two court appearances in this matter show that counsel was aware of the facts of the case and of the contents of the defendant’s 
pro se 
petition. In addition, the State contends that we may infer that counsel consulted with the defendant because counsel mentioned to the circuit judge certain matters involving the defendant, such as his transfer to a different prison, his plans to take the GED, his scores on other tests, and his conduct in prison. The State surmises that counsel could have learned these details only through conversations with the defendant.

We find this argument to be without merit. As an initial matter, we note that counsel’s sole argument at the hearing was for a reduction in the defendant’s 15-year prison sentence, and that counsel’s references to the preceding information came in the context of his contention that the sentence was excessive.

In addition, the information cited by the State could have been gleaned from any number of sources, including the Department of Corrections and the defendant’s family members. In fact, counsel stated that the defendant’s test scores had been faxed to him by the Department. Thus, it remains that there is no showing in the record, as required by Rule 651(c), that counsel fulfilled his duties to consult with the defendant, examine the trial record, and make any necessary amendments to the defendant’s 
pro se 
post-conviction petition.

For the reasons stated, the judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court of Cook County for further proceedings.

Reversed and remanded.