THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EAGER BROWN, Defendant-Appellant.

Fourth District   No. 4—02—0557

Opinion filed April 22, 2004.—Rehearing denied June 1, 2004.

Michael J. Pelletier and Yasaman Hannah Navai, both of State Appellate Defender's Office, of Chicago, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutors Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Eager Brown appeals the summary dismissal of his petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 through 122—8 (West 2002)). We affirm.

## I. BACKGROUND

Police bearing a warrant searched Brown's house in Champaign on June 25, 2001, and found 13.1 grams of crack cocaine in Brown's pocket. Brown received *Miranda* warnings (see *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966)), waived his rights, and admitted that he sold crack to approximately five regular customers to cover his living expenses.

On September 13, 2001, Brown pleaded guilty to possession of a controlled substance with intent to deliver within 1,000 feet of a public park (720 ILCS 570/407(b)(1) (West 2002)), a Class X offense. Before accepting his plea, the trial court admonished him of his right to plead not guilty and to have a trial either by a jury or by the court. The court stated what Brown was charged with, informed him of the possible penalties, and confirmed that he was pleading guilty of his own free will, not because of threats or force applied by anyone.

The trial court then heard the factual basis for the plea and asked whether the plea had been negotiated. The assistant State's Attorney and Brown's attorney agreed that Brown was pleading guilty in exchange for a sentence of 12 years in prison, with credit for 101 days already served. In addition, Brown was to pay miscellaneous fines and fees. Brown concurred that this was the agreement that had been made. Finally, the court asked Brown whether any other promises or conditions were associated with the plea, and he responded that there were not. Brown then persisted in pleading guilty.

The trial court had earlier instructed a group of three defendants, with Brown present, on their rights under Supreme Court Rule 605 (188 Ill. 2d R. 605) (effective November 1, 2000). The court stated:

"[Y]ou do have the right, if you wish to, to ask to attempt to withdraw the guilty plea that you have entered into today. If you wish to attempt to do that, you will have to file a motion, in writing, with the clerk of the court within the next thirty days. That motion would have to state all of the errors that occurred in taking your plea here today. Any errors left out of that motion, you give it up forever and cannot rely on it later. In that motion, if it's allowed, any matters that were dismissed could be reinstated and this matter could be reinstated and you could have a trial on everything. If the motion was denied, you could appeal this matter."

Following Brown's plea, the court asked him if he had heard the above instructions, and Brown replied that he had.

Brown never did attempt to withdraw his guilty plea or to file a direct appeal. Assisted by an attorney, on March 19, 2002, he filed a petition for postconviction relief, alleging that he had not voluntarily pled guilty. According to the petition, the plea was "the product of force and duress" because his trial lawyer did not adequately inform him of his options, did not negotiate with the prosecution, falsely informed him that he could not move to reconsider the sentence, and did not explain to him how the location enhancement for proximity to a public park operated.

On April 2, 2002, the circuit court dismissed this petition as frivolous or patently without merit, on the grounds that (1) the issue raised had been waived and (2) in any case, the record showed that the plea had been voluntary.

## II. ANALYSIS

Brown appeals and raises several new arguments. He claims that his right to due process was violated because he did not receive proper admonishment of his right to appeal under Supreme Court Rule 605(b) and that he was denied effective assistance of trial counsel in various ways. In addition, he argues that he was denied reasonable assistance of postconviction counsel because she did not raise the issue that his trial counsel was ineffective.

■ We begin by addressing the circuit court's decision to dismiss the petition as it was submitted. The court may summarily dismiss a postconviction petition if it fails to raise the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001). In making this determination, the court may consider the file of the original proceeding and may dismiss if the record positively rebuts the allegations in the petition. 725 ILCS 5/122—2.1(c) (West 2002); *People v. Little*, 335 Ill. App. 3d 1046, 1051, 782 N.E.2d 957, 962 (2003). In addition, because the Act is not designed to serve as a

method of appeal (*People v. Scott*, 194 Ill. 2d 268, 273, 742 N.E.2d 287, 291 (2000)), a petitioner may therefore raise only those " 'constitutional matters which have not been, and could not have been, previously adjudicated.' " *Scott*, 194 Ill. 2d at 273-74, 742 N.E.2d at 291-92, quoting *People v. Winsett*, 153 Ill. 2d 335, 346, 606 N.E.2d 1186, 1193 (1992).

■ The circuit court here found that Brown could have filed a motion to vacate his plea, rather than a postconviction petition, to allege that the plea was involuntary. The claim was therefore waived. We agree with this conclusion. Moreover, the record reveals that Brown did not plead guilty until the trial court had carefully admonished him of his rights, established the factual basis of the plea, and determined that Brown was pleading voluntarily. As the postconviction court noted, when the trial court properly and meticulously admonishes the defendant of his rights and establishes the voluntariness of the plea, this should not be disregarded as an empty formality. *People v. Jones*, 144 Ill. 2d 242, 263, 579 N.E.2d 829, 838 (1991). Accordingly, the circuit court did not err in finding that Brown's plea was voluntary and that his postconviction petition was frivolous and patently without merit.

What we have said so far would decide this case, except that Brown has attempted to raise additional arguments on appeal. We note that a postconviction petitioner generally may not raise on appeal any claim that was not presented in his petition for postconviction relief. 725 ILCS 5/122—3 (West 2002); *People v. McNeal*, 194 Ill. 2d 135, 147, 742 N.E.2d 269, 275 (2000). Brown argues now that he was denied due process because the trial court did not properly admonish him of his right to appeal under Supreme Court Rule 605(b)(2) (188 Ill. 2d R. 605(b)(2)). We need not consider this argument because it was not in the petition. We note, however, that at least one other court has considered the issue of Rule 605 admonishments under similar procedural circumstances. *People v. Johnson*, 332 Ill. App. 3d 81, 83, 773 N.E.2d 155, 156 (2002) (First District, remanding for admonishments where this issue was raised by the court at oral arguments on appeal from dismissal of postconviction petition).

In any event, we disagree with the substance of the allegation. Supreme Court Rule 605(c) contains the admonitions that a trial court must give to a defendant on a negotiated guilty plea. 188 Ill. 2d R. 605(c). Although our supreme court has made clear that compliance with Rule 605 is mandatory (*People v. Jamison*, 181 Ill. 2d 24, 29, 690 N.E.2d 995, 998 (1998)), there is no requirement that the rule must be read verbatim to the defendant. Rather, it is only necessary that the admonition contain the rule's substance. *People v. Harper*, 315 Ill.

App. 3d 760, 764, 734 N.E.2d 1033, 1038 (2000). Brown argues that his admonishments were defective because the trial court did not tell him that he had a general right to appeal. The court did, however, state that if Brown wished to withdraw his plea, he would need to file the motion within 30 days, and that "[i]f the motion was denied, you could appeal this matter." The admonishments Brown received conveyed the substance of Rule 605, and thus Brown's argument fails.

Brown also attempts to argue for the first time that he was denied effective assistance of trial counsel. Again, petitioners may not present new issues on appeal from the denial of a postconviction petition. *McNeal*, 194 Ill. 2d at 147, 742 N.E.2d at 275. We therefore will not consider this claim.

Finally, Brown argues that he has been denied the reasonable assistance of postconviction counsel, because his postconviction attorney failed to raise two meritorious issues. We disagree. The Act requires that postconviction counsel must provide a reasonable level of assistance. *People v. Turner*, 187 Ill. 2d 406, 410, 719 N.E.2d 725, 727-28 (1999). Although Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) provides the relevant standards for determining the reasonableness of postconviction counsel in some cases (*Turner*, 187 Ill. 2d at 410, 719 N.E.2d at 728), the rule by its own terms does not apply to an initial postconviction petition drafted by privately retained counsel. *People v. Richmond*, 188 Ill. 2d 376, 382-83, 721 N.E.2d 534, 538 (1999).

Nevertheless, Rule 651(c) provides some level of guidance in this case. Where the rule applies, it requires that an appointed attorney consult with the petitioner, examine the trial record, and make any amendments to the *pro se* petition that are necessary to adequately present the petitioner's claims. 134 Ill. 2d R. 651(c). The attorney is not required to consult with the petitioner any particular number of times (*Turner*, 187 Ill. 2d at 411, 719 N.E.2d at 728), nor to amend the petition in every case. *Turner*, 187 Ill. 2d at 412, 719 N.E.2d at 729. Broadly stated, the purpose of the *appointed* postconviction attorney is to take a *pro se* petition and ensure that it adequately presents the claims that the petitioner wishes to make. With this as background, we conclude from our review of the entire record that Brown's attorney provided him with reasonable assistance.

Brown argues that his postconviction attorney failed because she did not raise the issue of admonishments under Supreme Court Rule 605 and did not challenge Brown's previous lawyer's failure to file a motion to suppress evidence. However, he does not assert that he brought these issues to her attention or asked that they be raised in the petition. What Brown seeks in this appeal would go beyond what appointed counsel is required to do under Rule 651(c), and he provides

no authority or argument why retained counsel on an initial petition should be held to this higher standard. In any event, as we have already discussed, the Rule 605 issue lacked merit. In addition, any allegations of ineffective assistance by his first lawyer should have been raised previously; it was not unreasonable of his postconviction lawyer not to raise them in the petition, given that they had been waived. There is insufficient support in the record for the claim that postconviction counsel did not provide reasonable representation, and Brown's challenge must fail.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.