THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KATHY JOANNE BENNETT, Defendant-Appellant.

Second District    No. 2—07—1002

Opinion filed August 4, 2009.—Rehearing denied October 26, 2009.

Thomas A. Lilien and Sherry R. Silvern, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul T. Whitcombe, State's Attorney, of Dixon (Lawrence M. Bauer and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Kathy Joanne Bennett, appeals from the denial of her petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1996)). She contends that, because the record contains neither a certificate of postconviction counsel pursuant to Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) nor anything that positively shows that counsel read the record of the relevant proceedings, a Rule 651(c) violation occurred, thus requiring vacation of the denial and a remand for compliance. Because counsel drafted the original petition, under the rule in *People v. Richmond*, 188 Ill. 2d 376, 382-83 (1999), Rule 651(c) is inapplicable here; the *Richmond* court was clear in stating that Rule 651(c) does not apply when counsel drafted the original petition. The rule in *Richmond* is binding here and requires us to affirm the denial.

## I. BACKGROUND

In 1989, a Lee County jury convicted defendant of two counts of first-degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1(a)(3)), based on two theories of felony murder. The court sentenced her to 55 years' imprisonment. On appeal, we vacated one conviction on one-act, one-crime grounds and also vacated her sentence, remanding for resentencing. *People v. Bennett*, 222 Ill. App. 3d 188, 190-91 (1991).

In October 1992, the trial court resentenced defendant to 50 years' imprisonment. Her retained counsel filed a motion to reconsider the sentence, but counsel did not get the motion heard in a timely manner. Eventually, after intervening complications, the court appointed Douglas E. Lathe to represent defendant on the motion. He did so, but, in February 1996, the court "dismissed" the motion because of the unreasonable delay.

Defendant appealed. We looked beyond the forfeiture that resulted from her failure to properly pursue her postsentencing motion and so considered the merits of her claim that her sentence was too long. We nevertheless affirmed her sentence. *People v. Bennett*, No. 2—96—0348 (1997) (unpublished order under Supreme Court Rule 23). We released that decision on November 5, 1997.

On April 30, 1997 (that is, while the second appeal was still pending), defendant, through Lathe, filed a postconviction petition, asserting only that the delay in bringing her postsentencing motion to hearing had amounted to ineffective assistance of counsel. On March 3, 1998, the court, with no participation from the State, "denied" the petition. Defendant again appealed.

In that appeal, we held that the ruling had violated the requirement that any summary dismissal of the petition be done within 90 days of the petition's filing (725 ILCS 5/122—2.1(a), (b) (West 1996)). We also held that the matter was not moot, despite our having looked beyond the lack of a proper postsentencing motion on the second direct appeal. We noted that defendant likely had not had a full opportunity to state all her possible claims:

> "Here, the petition was prepared by counsel and the only claim stated was the failure to call for hearing the motion to reconsider the sentence. However, it appears that this petition was hastily filed to toll the running of the statute of limitations. Defendant's counsel was then preoccupied with the direct appeal and the postconviction petition appears to have been little more than an afterthought. Because defendant is permitted only one postconviction petition, fairness dictates that a limited remand is appropriate to allow defendant to amend her petition to state any additional claims she may have." *People v. Bennett*, No. 2—98—0408, slip op. at 4-5 (1999) (unpublished order under Supreme Court Rule 23).

On remand, the matter stalled for years. Despite defendant's repeated letters asking about the status of her petition, nothing happened until 2006. In 2006, Lathe told the court that the file had "fallen through the cracks" and that his caseload was too high for him to handle amendments properly. He asked that the court appoint new counsel. He also filed a "Certificate of Attorney Pursuant to Supreme Court Rule 604," averring that he had "consulted in person with Defendant *** to ascertain her claims of error *in the sentence*, has examined the trial court file, and has made any amendments to the motion necessary for adequate representation of any defects in those proceedings." (Emphasis added.) The court then appointed Anna Sacco Miller to represent defendant.

Sacco Miller filed three amended petitions in succession. The State moved to strike the first and to strike or dismiss the second, but the court denied the motions. The last petition raised six claims. First, defendant claimed that her sentence violated the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Second, she asserted, without providing any specifics, that trial counsel

had been ineffective. Third, she asserted that the trial court had failed to give proper weight to mitigating factors in imposing sentence. Fourth, she claimed that the court had acted unreasonably in imposing the same sentence upon her as upon her codefendant, who was the more active party in the crime. Fifth, she asserted—again, giving no specifics—that the State had failed to prove her guilt beyond a reasonable doubt. Sixth, she claimed that the applicable version of the first-degree murder statute violated Illinois's single-subject rule.

In its recitation of the facts, the petition conflated the second direct appeal with the first postconviction appeal.

Sacco Miller also filed a petition for fees. She represented that she had spent 4.55 hours on defendant's petition. Of that time, she listed .22 hours as "research" and 1.91667 as "research, court appearance." She did not list any time for reviewing the record.

The court held a third-stage hearing on the third amended petition. Defendant testified, with counsel mostly questioning defendant about her legal conclusions. Defendant testified to a specific incident at trial where she thought her attorney's choices had prejudiced the jury against her. She described the research that led her to believe that certain amendments to the first-degree murder provision violated the single-subject rule. Counsel touched on each claim in the petition. Near the conclusion of defendant's testimony, counsel asked her if counsel had failed to ask anything that defendant wanted the court to consider, and defendant said that she could not think of anything "now." The court denied the petition, and defendant timely appealed.

On appeal, defendant asserts that, because postconviction counsel did not file a Rule 651(c) certificate, and because the record on appeal does not show that counsel complied with Rule 651(c), this court must remand the matter. She emphasizes the assertion that the record does not show that counsel read the necessary parts of the existing record. The State asserts that the existing record shows compliance with Rule 651(c). We need not address that argument, as we conclude that Rule 651(c) is inapplicable when the original petition was not *pro se*.

## II. ANALYSIS

■ Under the supreme court's holding in *Richmond*, Rule 651(c) is inapplicable when the original petition was not filed *pro se*. Rule 651(c) provides:

> "Upon the timely filing of a notice of appeal in a post-conviction proceeding, if the trial court determines that the petitioner is indigent, it shall order that a transcript of the record of the post-conviction proceedings, including a transcript of the evidence, if any, be prepared and filed with the clerk of the court to which the appeal is taken and shall appoint counsel on appeal, both without

cost to the petitioner. The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

In *Richmond*, the defendant filed a *pro se* petition, but then retained counsel to represent him in the ongoing proceedings (*Richmond*, 188 Ill. 2d at 378); at issue was whether Rule 651(c) applied to counsel retained under those circumstances (*Richmond*, 188 Ill. 2d at 379). Noting that the rule nowhere explicitly distinguished retained and appointed counsel, the court held that it did. *Richmond*, 188 Ill. 2d at 380. However, in doing so, it distinguished two appellate court decisions that "suggested that Rule 651(c) does not apply to retained counsel." *Richmond*, 188 Ill. 2d at 382-83. It pointed out that "[i]n neither case \*\*\* was the initial post-conviction petition filed *pro se*" and then held that, "[b]y its own terms, \*\*\* the requirements of Rule 651(c) would not have been applicable in those settings." *Richmond*, 188 Ill. 2d at 383.

██ We see no way to interpret the court's words as meaning other than that Rule 651(c) is inapplicable in proceedings where counsel filed the petition. That rule is thus controlling here. See *People v. Artis*, 232 Ill. 2d 156, 164 (2009) ("The appellate court lacks authority to overrule decisions of this court, which are binding on all lower courts"). Certainly, the amendment duty of Rule 651(c) is, by its own terms, inapplicable when counsel drafted the original petition: the rule refers to "ma[king] any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c). The *Richmond* court presumably further deemed that the contractual terms of a private representation that produces a postconviction petition would provide an adequate substitute for Rule 651(c)'s explicit imposition of other duties. We note our concern that, when, as here, counsel drafts a petition as an incident to his or her representation of the petitioner in the original proceeding, the terms of the representation provide little assurance that the petitioner will get a full chance to present all of his or her claims. Here, our holding in the first postconviction appeal reflected our conclusion that the circumstances of the petition's drafting had failed to give defendant a proper opportunity to file a complete original petition. Thus, even as we follow the *Richmond* rule, we have reservations about the wisdom of applying it under these circumstances.

Defendant, in her appellate briefs, has asserted only that postconviction counsel did not satisfy the requirements of Rule 651(c) and does not argue that counsel's representation was unreasonable independent of the rule's requirements. We thus will not consider that possibility.

Although we affirm the trial court's decision, we note our dissatisfaction with the course this matter has taken through the trial court. Although defendant has had multiple appeals, the primary reason that we are only now resolving a timely postconviction petition challenging a 1989 conviction is that the matter twice vanished into a kind of procedural Bermuda triangle. Such lapses reflect poorly on the court and bar and cannot go unremarked.

## III. CONCLUSION

For the reasons stated, we affirm the court's denial of defendant's petition.

Affirmed.

HUTCHINSON and O'MALLEY, JJ., concur.