NOTICE
Decision filed 11/17/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 180270-U

NO. 5-18-0270

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 13-CF-602 |
| | ) | |
| RANDY D. ETHERTON, | ) | Honorable |
| | ) | William G. Schwartz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1   *Held*: We reverse the judgment of the trial court dismissing defendant's amended postconviction petition for relief where postconviction counsel failed to comply with Supreme Court Rule 651(c) (eff. Feb. 6, 2013) and rendered unreasonable assistance of counsel by failing to properly amend defendant's *pro se* allegations into claims of ineffective assistance counsel.

¶ 2   Defendant, Randy D. Etherton, was found guilty of residential burglary on April 2, 2014. He was sentenced to 20 years' confinement within the Illinois Department of Corrections on July 2, 2014. Defendant appealed his sentence and this court affirmed. *People v. Etherton*, 2017 IL App (5th) 140427. On February 9, 2018, defendant filed an amended postconviction petition for relief which was denied by the trial court without an

1

evidentiary hearing. Defendant appeals the dismissal of his amended postconviction petition, alleging that postconviction counsel provided unreasonable assistance of counsel when he failed to adequately amend and support defendant's *pro se* postconviction claims. For the following reasons, we reverse the judgment of the trial court and remand with directions.

¶ 3                                BACKGROUND

¶ 4    On December 12, 2013, defendant was charged by information with one count of residential burglary in violation of section 19-3(a) of the Illinois Criminal Code of 2012. 720 ILCS 5/19-3(a) (West 2012). Defendant was found guilty, after a jury trial, on April 2, 2014. Defendant was sentenced on July 2, 2014, to 20 years' confinement within the Illinois Department of Corrections. Defendant appealed his sentence and this court affirmed. *Etherton*, 2017 IL App (5th) 140427.

¶ 5    During the pendency of his direct appeal, defendant filed a *pro se* petition for postconviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2016)). Defendant's *pro se* petition set forth a single claim alleging that the trial court failed to comply with Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) (Rule 431(b) issue), during *voir dire*. According to defendant's *pro se* petition:

    "Of the fourteen persons who finally made up the jury and two alternates, [trial judge] asked eight if they would be able to give the defendant the presumption of innocence throughout the trial, he asked six of them if they understood that the defendant has the presumption of innocence, and he asked none of them whether they accepted that principle. He asked all fourteen if they would require the State to

2

prove the defendant guilty beyond a reasonable doubt, but he did not ask any of them whether they understood or accepted this principle. He asked all of the jurors whether they understood that the defendant was not required to put on any evidence but he did not ask any whether they accepted this principle. As for the fourth principle, he did not ask any questions about it, he merely made the statement that if the defendant does not testify, they could not consider that fact."

¶ 6 Defendant acknowledged in his *pro se* petition that the Rule 431(b) issue was not raised in his posttrial motion for a new trial brought before the trial court, nor was it raised in his direct appeal. Defendant asserted, however, that the trial court's failure to comply with Rule 431(b) was an obvious error that affected his substantial rights, and should be reviewed under the plain error doctrine.[1]

¶ 7 On August 10, 2016, the trial court appointed postconviction counsel to represent defendant. Defendant's postconviction counsel filed an amended petition for postconviction relief (amended petition) and a Rule 651(c) certificate on February 9, 2018. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013). Defendant's amended petition added a claim alleging that the Jackson County assistant state's attorney (ASA), who represented the State at defendant's trial, briefed the jurors during their deliberations and before the jury had reached a verdict. Two affidavits were attached to defendant's amended petition in support of that allegation. The first affidavit was executed by Michelle Etherton, defendant's

---

[1]The plain error doctrine is a narrow and limited exception to the general rule of procedural default which allows plain errors or defects affecting substantial rights to be noticed although the error or defect was not brought to the attention of the trial court. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010).

spouse, and stated that defendant's trial counsel informed her that the ASA, "was going to brief the jury as they were deliberating before they presented the verdict." The second affidavit was executed by Pam Ellis, defendant's mother, and stated that she was present when defendant's trial counsel

> "turn around were we was silling and said he wanted to tell us something and that he would denie everything he said if we told or said anything to anybody. [Defendant's trial counsel] said that [ASA] had that [ASA] was in with the juriors room wright now talking with them telling them that he wanted them to come back with a guilty verdiet. and that he wouldn't except anything but that." (All errors in original.)

¶ 8    The State filed a response to defendant's amended petition on April 3, 2018. In its response, the State argued that the claims raised in defendant's amended petition were waived, because defendant failed to bring either issue on direct appeal. In the alternative, the State argued that defendant's claims were rebutted by the record. Concerning defendant's Rule 431(b) claim, the State stated that its review of the record supported "the contention that this Court properly complied with Supreme Court Rule 431, and potential jurors were properly admonished and expressed an understanding of the four principles subject to Rule 431."

¶ 9    On defendant's second claim concerning jury tampering, the State's response declared as follows:

> "These allegations are denied in the strongest terms possible. This claim is belied by the record in this cause. *** [A]ll jurors were Ordered by this Court to report any

4

such attempt of influence by outside forces. The record is silent of any report. The Petitioner's claim that jurors were improperly influence[d] is contradicted by the record and, again, would involve a conspiracy of all jurors to ignore the Court's order to report any such influence. Further, no juror reported any such outside influence when they were polled. To the contrary, all jurors affirmed that their guilty verdicts were theirs, and theirs alone."

The State's response also noted that both affidavits, submitted in support of the above allegation, were based on unreliable hearsay, and contained no personal knowledge on behalf of the affiants concerning the alleged misconduct. As such, the State argued that the affidavits attached to defendant's amended petition were insufficient to support defendant's claim.

¶ 10 On April 9, 2018, the trial court denied defendant's amended petition without conducting an evidentiary hearing. The trial court's order denying defendant's amended petition contained the following findings:

"a. The defendant makes two claims in his Amended Petition for Post-Conviction Relief. The first claim is that the *voir dire* of the prospective jurors was faulty. The second claim is that there was tampering with the jurors during the deliberations.

b. As set forth in the People's Response to Petitioner's Amended Petition for Post-Conviction Relief wherein the State cites *People v. Stewart*, 123 Ill. 2d 368, 'all issues actually decided on direct appeal are

5

*res adjudicata*, and all those issues which could have been presented but were not are deemed waived.' at 372.

  c. Both claims made by the defendant were known to the defendant prior to his direct appeal. Neither of the claims were presented in his direct appeal. Both claims are, therefore, WAIVED.

  d. The perjurious testimony contained in the affidavits of Michelle Etherton and Pamela Ellis must be countered in this Order for their perjury strikes at the very heart of the judicial system.

   i. This Court states that no communication occurred between the prosecutor and the jury outside of the Courtroom. Furthermore, it is without question that there [was] no communication between the prosecutor and jury during deliberations.

* * *

  e. The arguments of the State contained in the People's Response to Petitioner's Amended Petition for Post-Conviction Relief are accurate.

  THEREFORE, it is the ORDER of this Court that the Amended Petition for Post-Conviction Relief filed by the defendant on February 9, 2018 is wholly without merit and is DENIED."

¶ 11 Defendant appeals the judgment of the trial court dismissing his amended petition, raising the single issue of whether postconviction counsel provided unreasonable assistance of counsel when he failed to comply with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) and adequately amend and support defendant's postconviction claims.

6

¶ 12                                    ANALYSIS

¶ 13    Defendant argues that postconviction counsel rendered unreasonable assistance of counsel and failed to comply with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) when postconviction counsel failed to amend defendant's *pro se* postconviction petition into the proper legal form. Specifically, defendant argues that postconviction counsel should have amended defendant's claims into allegations of ineffective assistance of trial and appellate counsels in order to avoid the operation of waiver, and properly bring the claims before the trial court.

¶ 14    Defendant argues that the Rule 431(b) issue should have been amended by postconviction counsel to a claim of ineffective assistance of appellate counsel for failing to raise the issue on appeal. Defendant further argues that the alleged misconduct on behalf of the ASA should have been amended by postconviction counsel into a claim of ineffective assistance of trial counsel for failing to object or seek some other means for correcting the alleged misconduct. According to defendant, if postconviction counsel had properly formed the issues into claims of ineffective assistance of counsel, the claims would not have been subject to waiver.

¶ 15    Defendant also argues that his claim of jury tampering would have been properly supported by the affidavits if postconviction counsel had amended the claim into ineffective assistance of trial counsel. Defendant states that the affiants would have personal knowledge of trial counsel's alleged statement and, therefore, the affidavits would no longer be based on hearsay evidence. Thus, defendant argues that the affidavits would have supported a substantial showing of a constitutional violation.

7

¶ 16    Defendant also argues that postconviction counsel should have amended his *pro se* postconviction petition to demonstrate both deficient performance of counsel and prejudice to the defendant. Defendant states that postconviction counsel should have alleged that appellate counsel's deficient performance was the failure to raise the Rule 431(b) issue on appeal, and that prejudice would be shown because the jury may not have been unbiased. Concerning his second claim, defendant states that postconviction counsel should have alleged that trial counsel's deficient performance was the failure to object to the ASA's briefing of the jurors during deliberation and that prejudice would be shown because defendant was not given an unbiased jury. Based on the above, defendant argues that postconviction counsel rendered unreasonable assistance of counsel and failed to comply with Rule 651(c) when he failed to adequately amend and support defendant's *pro se* postconviction claims.

¶ 17    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in his original trial or sentencing hearing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). A postconviction proceeding is not an appeal from an underlying judgment, but rather a collateral attack on the judgment. *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). As a collateral proceeding, a postconviction proceeding allows inquiry only into constitutional issues that were not, and could not have been, adjudicated in an appeal of the underlying judgment. *Id.*

¶ 18    The Act sets forth a three-stage process for postconviction proceedings in noncapital cases. *People v. Little*, 2012 IL App (5th) 100547, ¶ 12. At the first stage, the trial court

8

independently assesses a defendant's petition and may summarily dismiss the petition if the court determines that it is frivolous or patently without merit. *Id*. If not dismissed at the first stage, the petition advances to the second stage where counsel may be appointed, and the State may move to dismiss the petition. *Id*. At the second stage, the trial court must determine whether the petition contains sufficient allegations of a constitutional violation, and if a substantial showing is made, the petition proceeds to the third stage for an evidentiary hearing. *Id*. In this matter, the trial court dismissed defendant's amended petition at the second stage and no evidentiary hearing was conducted.

¶ 19 The trial court's inquiry into whether a petition contains sufficient allegations of a constitutional deprivation at the second stage does not require the trial court to engage in any fact-finding or credibility determinations. *People v. Dupree*, 2018 IL 122307, ¶ 29. As such, any allegations not affirmatively refuted by the record must be taken as true at the second stage. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). The standard of review upon the dismissal of a postconviction petition at the second stage is *de novo*. *Id*.

¶ 20 The trial court appointed counsel to represent defendant. The right to counsel in a postconviction proceeding is derived from statute rather than the Constitution. *People v. Owens*, 139 Ill. 2d 351, 364 (1990). Thus, postconviction petitioners are guaranteed only the level of assistance that the statute provides. *Id.* That level of assistance has been defined by the Illinois Supreme Court to mean a "reasonable" level of assistance. *People v. Flores*, 153 Ill. 2d 264, 276 (1992). One aspect of "reasonable" assistance is compliance with Illinois Supreme Court Rule 651(c). *People v. Carter*, 223 Ill. App. 3d 957, 961 (1992). Rule 651(c) requires a showing that postconviction counsel has consulted with the

9

defendant to ascertain contentions of deprivation of constitutional rights, has examined the record of proceedings, and has amended the *pro se* petition, if necessary, for an adequate presentation of petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 21 There are two ways in which appointed counsel may comply with Rule 651(c): (1) counsel may file a certificate to show that the requirements of the rule were complied with or (2) the record as a whole may demonstrate that counsel complied with those provisions. *People v. Richmond*, 188 Ill. 2d 376, 380 (1999). A rebuttable presumption that postconviction counsel provided reasonable assistance exists where the Rule 651(c) certificate has been filed. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. The defendant bears the burden to overcome this presumption by demonstrating that his counsel failed to substantially comply with the requirements of Rule 651(c). *Id.*

¶ 22 In the present case, defendant's postconviction counsel filed the requisite certificate of compliance which stated that he had fulfilled his obligations under Rule 651(c). Thus, there is a rebuttable presumption that defendant's postconviction counsel provided reasonable assistance and it is defendant's burden to overcome this presumption. Defendant rebuts this presumption by arguing that postconviction counsel did not meet the third requirement of Rule 651(c) when he failed to amend petitioner's *pro se* postconviction petition and place defendant's claims into the proper legal form which would have avoided the operation of waiver.

¶ 23 There is no requirement that postconviction counsel amend a *pro se* postconviction petition. *People v. Spreitzer*, 143 Ill. 2d 210, 221 (1991). Nevertheless, Rule 651(c) does require that postconviction counsel make "any amendments to the petitions filed *pro se*

10

that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); see also *People v. Johnson*, 154 Ill. 2d 227, 238 (1993) (statute contemplates that postconviction counsel will shape complaints into "appropriate legal form").

¶ 24    In this case, the trial court determined that the claims in defendant's amended petition were waived, because both claims could have been raised on direct appeal but were not. The operation of waiver provides that any issues not raised in the notice of appeal are forfeited. *People v. Enis*, 194 Ill. 2d 361, 375 (2000). There is, however, an exception to the waiver doctrine in postconviction proceedings. *People v. Turner*, 187 Ill. 2d 406, 413 (1999). Where the claims are placed in the context of ineffective assistance of counsel, the operation of waiver may be avoided as long as defendant is not attempting to rephrase previously addressed issues, and the factual allegations themselves give rise to a constitutional issue involved in the proceeding which resulted in defendant's conviction. *Flores*, 153 Ill. 2d at 277-78 (recognizing the ease with which a defendant may avoid the operation of waiver by placing the claims in the context of ineffective assistance of appellate counsel); *People v. Moore*, 177 Ill. 2d 421, 428 (1997) ("doctrine of waiver does not bar review of an issue when the waiver arises from ineffective assistance of appellate counsel" (internal quotation marks omitted)). Further, a defendant is not required to make a positive showing that postconviction counsel's failure to comply with Rule 651(c) resulted in prejudice. *People v. Russell*, 2016 IL App (3d) 140386, ¶ 12. Remand is required, regardless of whether the claims raised in the petition had merit, where

postconviction counsel failed to fulfill the duties of Rule 651(c). *Id*.; see also *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 30.

¶ 25 In this case, it is clear that postconviction counsel failed to amended defendant's *pro se* allegations into ineffective assistance of counsel claims. The State, however, argues that defendant is unable to show any prejudice suffered by the actions of postconviction counsel and, therefore, postconviction counsel's assistance cannot be said to be unreasonable. The State also argues that, regarding defendant's claim of jury tampering, the trial court made separate findings on the merits of defendant's claim.

¶ 26 As noted above, defendant is not required to demonstrate prejudice, nor is he required to demonstrate that his claims had merit. "Our supreme court's Rule 651(c) analysis has been driven, not by whether a defendant's claims have any merit or if he can establish substantial prejudice, but by the understanding that when postconviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized." *Schlosser*, 2012 IL App (1st) 092523, ¶ 32. Postconviction counsel's failure to properly amend the petition directly contributed to the dismissal of the claims without an evidentiary hearing and precluded consideration of the claims on the merits.

¶ 27 As such, postconviction counsel failed to comply with Rule 651(c) and we must remand with directions to the trial court to conduct a second-stage evaluation after allowing defendant leave to amend his amended petition to assert claims of ineffective assistance of counsel with the assistance from new postconviction counsel. We make no determination on the merits of defendant's underlying claims and note that new postconviction counsel

12

is not required to advance any frivolous or spurious claims on defendant's behalf. *People v. Greer*, 212 Ill. 2d 192, 205 (2004).

¶ 28                                       CONCLUSION

¶ 29    For the foregoing reasons, the judgment of the trial court is reversed and remanded with directions.

¶ 30    Reversed and remanded with directions.